# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 2219 | DATE | 10/20/2003 |
| CASE TITLE | Nagy vs. Berkshire Life Insurance Company of America, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Amended Memorandum Opinion and Order. Case is remanded to Circuit Court of Cook County pursuant to 28 U.S.C. § 1447 (c) for lack of subject matter jurisdiction. Joint motion of defendants to dismiss Counts II and III of plaintiff's amended complaint [19-1] is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | 3 number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 2 3 2003 date docketed | 29 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. Mailed by MD. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 10/22/2003 date mailed notice | |
| MD courtroom deputy's initials | | Date/time received in central Clerk's Office | MD mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LASZLO NAGY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 2219 |
| | ) | Judge Joan H. Lefkow |
| BERKSHIRE LIFE INSURANCE | ) | |
| COMPANY OF AMERICA, and THE | ) | |
| EUGENE COHEN AGENCY, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AMENDED MEMORANDUM OPINION AND ORDER

On February 20, 2003, plaintiff Laszlo Nagy ("Nagy") filed this action in the Circuit Court of Cook County, Illinois, seeking damages against Berkshire Life Insurance Company of America ("Berkshire") and the Eugene Cohen Agency, Inc. ("Cohen")(collectively "defendants") for breach of contract, negligence, and improper claims practice. On March 31, 2003, Berkshire removed this case to federal court on diversity of citizenship grounds pursuant to 28 U.S.C. § 1446. Before the court is defendants' joint motion to dismiss counts II and III of plaintiff's amended complaint. For the reasons set forth below, this court denies the motion as moot and remands this case to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## FACTS

Plaintiff's amended complaint alleges the following facts: On May 2, 2002, Nagy applied to Berkshire for a disability insurance policy. (Am Comp. Ct. I ¶ 4.) Nagy submitted his application for the insurance policy through Cohen, a licensed and registered insurance producer.

(*Id.* at ¶¶ 4, 5.) All further communications between Nagy and Berkshire were through Cohen. (Am. Comp. Ct. II ¶ 14.) On May 2, 2002, Nagy paid Berkshire the first premium due under the insurance policy. (Am. Comp. Ct. 1 at ¶ 6.) Nagy also provided Berkshire with a written authorization to obtain Nagy's medical records. (*Id.* at ¶ 7.) On May 14, 2002, at the request of Berkshire, Nagy submitted to a physical examination, at which time Nagy completed and submitted to Berkshire an "Application for Insurance to Berkshire Life Insurance Company of America (Part 2-Medical)." (*Id.* at ¶¶ 9, 10.) Nagy asserts that by June 18, 2002, he had complied with all the conditions required of him by Berkshire for the issuance of the disability insurance policy and that Berkshire had determined that it would issue Nagy the insurance policy with an exclusion for "asthma and any impairment of the respiratory tract." (*Id.* at ¶¶ 13, 14.) Thus, Nagy asserts that a valid and binding disability insurance contract existed on and prior to June 18, 2002. (*Id.* at ¶14.)

On June 25, 2002, Nagy was permanently injured and disabled in a motor vehicle accident. (*Id.* at ¶ 15.) Nagy's disability is not related to "asthma" or "any impairment of the respiratory tract." (*Id.* at ¶ 18.) On the day of the accident, Nagy's wife notified Berkshire of the accident. (*Id.* at ¶ 16.) Berkshire has since refused to pay any amount under the policy. (*Id.* at ¶ 18.)

On February 20, 2003, Nagy filed the instant lawsuit. Nagy subsequently filed a three-count amended complaint on May 27, 2003. Count I alleges that Berkshire breached its insurance contract with Nagy. Count II alleges that Berkshire and Cohen were negligent and that their negligence caused Nagy to lose the benefits of the insurance policy. Count III alleges that

2

the conduct of Berkshire and Cohen constituted an improper claims practice under Illinois law. Berkshire and Cohen have jointly moved to dismiss Counts II and III.

## DISCUSSION

The court first must decide whether federal diversity jurisdiction is proper in this case. This court previously addressed the issue of subject matter jurisdiction. On April 22, 2003, Nagy filed a motion to remand. On May 15, 2003, this court addressed the motion, noting that two issues were raised. (*See* docket #14.) The first issue was whether removal was timely. The court determined that it was. The second issue was whether the court had subject matter jurisdiction. Nagy claimed that the court lacked subject matter jurisdiction because there was not complete diversity of citizenship between Nagy and Cohen. However, this issue was found to be moot because Nagy represented that he did not intend to replead against Cohen in his amended complaint. Nevertheless, Cohen brings counts II and III of the amended complaint against Cohen. Thus, the court must now determine whether diversity jurisdiction is properly invoked.

This court's diversity jurisdiction may be invoked when an action involves citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction is only proper in cases where no party shares a common citizenship with any party on the other side of the dispute. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992) *(citing Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806)). A corporation is a citizen of its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Nagy, an individual, is a citizen of Illinois. Berkshire is an Massachusetts corporation with its principal place of business in Massachusetts. Cohen is an Illinois corporation with its principal place of

business in Illinois. Because Nagy and Cohen are both citizens of Illinois, it would seem that this court lacks diversity jurisdiction.

Defendants, however, allege that Cohen was fraudulently joined as a defendant. Parties fraudulently joined should be disregarded in determining diversity jurisdiction. *Gottlieb v. Westin Hotel Co.*, 990 F.3d 323, 327 (7th Cir. 1993). Joinder is fraudulent if there is no "reasonable possibility that a state court would rule against the [in-state] defendant." *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999)(*citing Poulos*, 959 F.2d at 73). An out-of-state defendant seeking to establish federal jurisdiction based on fraudulent joinder of a non-diverse defendant bears the heavy burden of proving that, "after resolving all issues of fact *and law* in favor of plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*, 959 F.2d at 73 (emphasis in original). Doubts as to the court's jurisdiction are resolved in plaintiff's favor. *Doe v. Allied-Signal, Inc.*, 985 F.3d 908, 911 (7th Cir. 1993). This court must determine whether, based on Illinois law, there is a reasonable possibility that an Illinois court would rule against Cohen on counts II or III. If so, then joinder of Cohen was proper and this court must remand the case to the state court. *See* 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case.")

Count II of Nagy's complaint alleges, *inter alia*, that Berkshire and Cohen negligently failed to notify Nagy in a timely matter that his insurance application had been denied, causing him to lose the benefits of the policy. (Am Comp.¶ 16.) To state a cause of action against Cohen for negligence, Nagy must allege facts sufficient to show the following elements: (1) the existence of a duty owed by Cohen to Nagy; (2) a breach of that duty; and, (3) injury to Nagy

4

proximately caused by the breach. *See Nielsen v. United States Services Auto. Ass'n*, 244 Ill. App. 3d 658, 666-67, 612 N.E. 2d 526, 532 (2d Dist. 1993).

Defendants argue that Nagy cannot state a negligence claim against Cohen because Cohen was an agent of Berkshire and owed no duty to Nagy. Defendants cite *Bellmer v. Charter Sec. Life Ins. Co.*, 105 Ill. App. 3d 234, 238, 433 N.E.2d 1362, 1366, 61 Ill. Dec. 34, 38 (1982), to support their contention that "absent factual allegations of an agency relationship between the insured and the insurance agent, no duty is imposed on the insurer's agent to notify plaintiff of facts detrimental to the insured for the breach of which negligence liability will lie." In *Bellmer*, an ex-husband, as part of a divorce agreement, was required to continue making premium payments on a policy insuring the life of the plaintiff, his ex-wife. The insurance agent knew of the divorce agreement requirements, yet when the ex-husband became delinquent in the premium payments the agent did not notify the insured. After the ex-husband died, the insured discovered that the policy had lapsed. She sued the agent and insurance company claiming that they had breached their duty to her, as owner of the policy, to inform her of her ex-husband's delinquency within a reasonable period of time. The agent's failure to so notify the plaintiff caused her to be lulled into inaction, and she argued that she was injured by that reliance. The court in *Bellmer* held that the agent did not owe the plaintiff a duty unless he had entered into a separate agreement with the plaintiff requiring that he give her some notice. Since there was no such agreement, the court held that the agent could not be held liable. 105 Ill. App. 3d at 239-40. Defendants contend that Cohen similarly cannot be held liable for failure to notify Nagy that his application for the policy had been denied.

5

Several Illinois cases, however, seem to be in conflict with *Bellmer*. *See, e.g., Talbot* v. *Country Life Ins. Co.*, 8 Ill. App. 3d 1062, 1065, 291 N.E.2d 830, 832 (3d Dist. 1973); *Wheaton National Bank* v. *Dudek*, 59 Ill. App. 3d 970, 376 N.E. 2d 633 (1st Dist 1978); *Rothberg* v. *Numerovski*, 58 Ill. App. 2d 372, 208 N.E. 2d 12 (1st Dist. 1965). In *Talbot*, for instance, the court held that an insurance company's agent owes an applicant for insurance the duty to act on the application with reasonable promptness. *Talbot*, 8 Ill. App. 3d at 1065. Larry Talbot, the husband of the plaintiff, applied in writing to the insurance company's agent for a life insurance policy and paid the first premium. The agent did not notify Talbot of any action taken on the application. Larry Talbot died five months later. The insurance agent attempted to return the premium two days after Larry Talbott died. In finding for the plaintiff, the court held that insurance agents may be liable for negligence if they unreasonably delay, because

> the agent . . . owes an applicant for insurance what amounts to a legal obligation to act with reasonable promptness on the application, either by providing the desirable coverage or by notifying the applicant of the rejection of the risk so that he may not be lulled into a feeling of security or put to prejudicial delay in seeking protection elsewhere.

*Id.*

Although somewhat in conflict with *Bellmer*, *Talbot* has not been reversed by the Illinois Supreme Court and appears to be good law in Illinois. *See Geraghty* v. *Continental Western Life Ins.*, 281 Ill. App. 3d 669, 677, 667 N.E.2d 510, 515 (Ill. App. 1st Dist. 1996)(*citing Talbot* with approval); *see also Ontiveros* v. *Am. Heritage Life Ins.*, 635 F.Supp. 216, 220 (N.D. Ill. 1986) (applying Illinois law, holding that an insurance agent "may have had a legal duty to act more promptly or to give the insured notice of the lack of coverage."); *Skyview Film & Video, Inc.* v. *Safeco Life Ins. Co.*, 864 F. Supp. 755 (7th Cir. 1994)("It is clear from the *Talbot* opinion that

6

under Illinois law an insurer has a legal obligation to an applicant to process insurance applications within a reasonable period . . ."). Evaluating all factual issues and questions on controlling substantive law in favor of the plaintiff, there exists at least a possibility that an Illinois court would hold Cohen liable for breach of his duty to notify Nagy within a reasonable time that his insurance application had been denied. Thus, defendants have not met their heavy burden of proving that Nagy fraudulently joined Cohen.

## ORDER

For the reasons set forth above, the court denies the motion to dismiss as moot (#19) and remands this case to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447 (c) for lack of subject matter jurisdiction.

Enter: *Joan N. Lefkow*
JOAN HUMPHREY LEFKOW
United States District Judge

Date: October 20, 2003